IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO** _____ |
| v. | : | **DATE FILED:** _____ |
| **GEORGE TRIMIS** | : | **VIOLATION:** 18 U.S.C. § 1344 (bank |
| **ANGELICA PHILIPPOPOULOS** | : | fraud -1 count); |
| | : | 18 U.S.C. § 1014 (false statement in loan application-3 counts); |
| | : | 18 U.S.C. § 1956(h) (conspiracy to money launder-1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At times material to this indictment:

1.  Beneficial Mutual Savings Bank (Beneficial Bank) was a financial institution, headquartered in Philadelphia, Pennsylvania, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC). Beneficial Mutual Bancorp, Inc. is a savings and loan holding company registered as the parent company for Beneficial Mutual Savings Bank. The FDIC is the primary federal regulator for Beneficial Mutual Savings Bank, and the Board of Governors of the Federal Reserve System is the primary federal regulator for Beneficial Mutual Bancorp, Inc.

2.  The Wilson Building was a commercial office building in Camden, New Jersey.

3. Dysart Ventures Inc. ("Dysart") advertised itself as a New York real estate service firm that engaged in domestic and international property acquisition, development and financing. Defendant ANGELICA PHILIPPOPOULOS was purported to be the president of Dysart and defendant GEORGE TRIMIS purported to be the vice president. Defendants PHILIPPOPOULOS and TRIMIS also purported to be officers and/or managers of Wilson Development Associates LLC ("Wilson Development").

4. Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, had applied for and/or were receiving proceeds of loans from Beneficial Bank on behalf of Dysart and Wilson Development to purchase and renovate the Wilson Building, including an approximately $2.4 million loan for the purchase of the building ("purchase loan"), and an additional approximately $9.975 million loan, to be taken as a draw as renovations progressed ("renovation loan"). Dysart was the original applicant for the loan, which was issued to Wilson Development. Dysart received the loan proceeds. Defendant PHILIPPOPOULOS was the guarantor of the loan.

5. From in or about at least April 2008 through in or about July 2011, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly executed, and attempted to execute, and aided and abetted the execution and attempted execution of a scheme to defraud Beneficial Bank, and to obtain monies owned by and under the care, custody, and control of that bank by means of false and fraudulent pretenses, representations, and promises.

## THE SCHEME

It was a part of the scheme that:

6. Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS submitted the following materially false and misleading documents, among others, in order to obtain the purchase and renovation loans from Beneficial Bank: (a) resumes which provided false information concerning defendant PHILIPPOPOULOS's education and experience in architecture and real estate development; (b) documents which made it appear that defendant PHILIPPOPOULOS would have a significant role in the management of renovations and rentals for the Wilson Building when she had no role in its management; (c) false tax returns; (d) false bank and brokerage statements; (e) statements concerning the number of tenants that had committed to lease in the Wilson Building and the purposes for which defendants PHILIPPOPOULOS and TRIMIS intended to use loan proceeds.

7. In or about Spring 2008, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused documents in support of the purchase and renovation loans to be submitted to Beneficial Bank, including the following false and misleading documents:

(a) Defendant ANGELICA PHILIPPOPOULOS' resume which falsely stated that: (i) she had a bachelor's degree from Yale University in architecture and a master's degree in business administration from Columbia University, when she did not attend either of those universities and did not have either of those degrees; (ii) she had founded Dysart, was its President and Chief Executive Officer, and oversaw its day to day operations, when in fact defendant GEORGE TRIMIS had control of the company, and defendant PHILIPPOPOULOS had neither an ownership interest in the company nor a role in its operations.

3

(b) Dysart's purported return for tax year 2006 which stated that Dysart's gross sales were $14,376,111 and its taxable income was $2,561,776, when the Dysart returns submitted to the Internal Revenue Service ("IRS") stated that the company's gross sales were $1,403,952 and its taxable income was negative $1,286,881.

(c) Defendant ANGELICA PHILIPPOPOULOS' purported return for tax year 2006, which stated that PHILIPPOPOULOS had wages of $625,000 and that her taxable income was $1,336,515, when her wages and income for that tax year were significantly lower.

(d) Documents which stated that defendant ANGELICA PHILIPPOPOULOS had a personal net worth of $30.3 million in 2006, and that her adjusted gross income was at least $1 million per year in each year from 2004 through 2006, when her net worth and income were substantially less than the amounts reflected in those documents.

8. On or about December 18, 2009, in order to obtain funds from the renovation loan, defendant GEORGE TRIMIS caused Beneficial Bank to be provided false documents, including:

(a) defendant PHILIPPOPOULOS' purported return for tax year 2007 which stated that her wages were $700,000 and her taxable income was $1,312,517, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

(b) defendant PHILIPPOPOULOS' purported return for tax year 2008 which stated that her wages were $725,000 and her taxable income was $1,360,290, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

(c) Dysart's purported return for tax year 2007 which stated that the company had gross sales of $18,688,944 and taxable income of $3,303,010, when the return filed with the IRS showed gross sales of $1,629,012 and taxable income of $7,930; and

(d) Dysart's purported return for tax year 2008 which stated that the company's gross sales were $29,782,541 and its taxable income was $6,426,399, when the return filed with the IRS showed gross sales of only $390,333 and taxable income of negative $1,399,509.

9. From in or about January 2009 through in or about January 2011, at various times, defendant GEORGE TRIMIS caused at least four signed and unsigned leases by tenants for the Wilson Building to be submitted to Beneficial Bank, without disclosing that those prospective tenants would not be leasing space in the building.

10. On or about November 2, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, knowing that the renovation loan was approved by Beneficial for the purpose of renovations to the Wilson Building, diverted approximately $800,000 of loan proceeds to an account controlled by defendant PHILIPPOPOULOS for their personal use.

11. On or about November 9, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, knowing that the renovation loan was approved by Beneficial for the purpose of renovations to the Wilson Building, diverted approximately $1 million of loan proceeds to an account controlled by defendant PHILIPPOPOULOS for their personal use.

12. From in or about December 2010 to in or about January 2011, defendant GEORGE TRIMIS, in order to obtain funds from the renovation loan, caused false documents to be submitted to Beneficial, including:

(a) a financial statement for defendant ANGELICA PHILIPPOPOULOS which stated that she had a net worth of $41,965,760, when in fact defendant PHILIPPOPOULOS was unemployed and had minimal assets;

(b) a purported Fidelity Investments statement for defendant PHILIPPOPOULOS dated September 30, 2010, which stated that the balance in her account was $10,803,892.91, when the balance was actually $77.01; and

(c) a purported Wachovia Bank statement for PHILIPPOPOULOS dated October 9, 2010, which stated that the balance in her account was $9,351,498, when the balance was actually less than $1,000.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. In or about April 2008, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly made and caused to be made to Beneficial Bank a false statement, and aided and abetted the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the purchase and renovation loans on behalf of Dysart and Wilson Development for the purchase and renovation of the Wilson Building, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents:

(a) Defendant ANGELICA PHILIPPOPOULOS' resume which falsely stated that: (i) she had a bachelor's degree from Yale University in architecture and a master's degree in business administration from Columbia University, when she did not attend either of those universities and did not have either of those degrees; (ii) she had founded Dysart, was its President and Chief Executive Officer, and oversaw its day to day operations, when in fact defendant GEORGE TRIMIS had control of the company, and defendant PHILIPPOPOULOS had neither an ownership interest in the company nor a role in its operations.

    (b) A return for tax year 2006 for Dysart which stated that Dysart's gross sales were $14,376,111 and its taxable income was $2,561,776, when the Dysart returns submitted to the Internal Revenue Service ("IRS") state that the company's gross sales were $1,403,952 and its taxable income was negative $1,286,881.

    (c) A return for tax year 2006 for defendant PHILIPPOPOULOS which stated that PHILIPPOPOULOS had wages of $625,000 and that her taxable income was $1,336,515, when her wages and income for that tax year were significantly lower.

    (d) Documents which stated that defendant ANGELICA PHILIPPOPOULOS had a personal net worth of $30.3 million in 2006, and that her adjusted gross income was at least $1 million per year in each year from 2004 through 2006, when her net worth and income were substantially less than the amounts reflected in those documents.

    In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

      1.      Paragraphs 1 through 4 of Count One are incorporated here.

      2.      On or about December 18, 2009, in the Eastern District of Pennsylvania and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and**
**GEORGE TRIMIS**

knowingly made and caused to be made to Beneficial Bank a false statement, and did aid and abet the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the renovation loan on behalf of Wilson Development, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents in order to obtain funds from the renovation loan:

      (a)      a purported return for tax year 2007 for defendant PHILIPPOPOULOS which stated that her wages were $700,000 and her taxable income was $1,312,517, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

      (b)      a purported return for tax year 2008 for defendant PHILIPPOPOULOS which stated that her wages were $725,000 and her taxable income was $1,360,290, when PHILIPPOPOULOS was unemployed that year and her wages and taxable income were significantly less than those amounts;

      (c)      a purported return for tax year 2007 for Dysart which stated that the company had gross sales of $18,688,944 and taxable income of $3,303,010, when the return filed with the IRS showed gross sales of $1,629,012 and taxable income of $7,930; and

    (d) a purported return for tax year 2008 for Dysart which stated that the company's gross sales were $29,782,541 and its taxable income was $6,426,399, when the return filed with the IRS showed gross sales of only $390,333 and taxable income of negative $1,399,509.

    In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. In or about December 2010 and January 2011, in the Eastern District of Pennsylvania and elsewhere, defendants

### ANGELICA PHILIPPOPOULOS and
### GEORGE TRIMIS

knowingly made and caused to be made to Beneficial Bank a false statement, and aided and abetted the making of a false statement, for the purpose of influencing the actions of Beneficial Bank upon a loan, that is, the renovation loan on behalf of Wilson Development, in that defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused to be submitted to Beneficial Bank the following false documents in order to obtain funds from the renovation loan:

(a) a financial statement for defendant ANGELICA PHILIPPOPOULOS which stated that she had a net worth of $41,965,760, when in fact defendant PHILIPPOPOULOS was unemployed and had minimal assets;

(b) a purported Fidelity Investments statement for defendant PHILIPPOPOULOS dated September 30, 2010, which stated that the balance in her account was $10,803,892.91, when the balance was actually $77.01; and

(c) a purported Wachovia Bank statement for PHILIPPOPOULOS dated October 9, 2010, which stated that the balance in her account was $9,351,498, when the balance was actually less than $1,000.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 4 and 6 through 12 of Count One are incorporated here.

    At all times material to this indictment:

    2.    TD Bank NA was a financial institution, the deposits of which were insured by Federal Deposit Insurance Corporation.

### The Conspiracy

    3.    From in or about November 2, 2010 through in or about at least July 29, 2011 in the Eastern District of Pennsylvania, and elsewhere, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

knowingly combined, conspired, and agreed to commit an offense against the United States, that is, to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud and false statements in connection with a loan application, in violation of Title 18, United States Code, Section 1957.

### MANNER AND MEANS

It was part of the conspiracy that:

    4.    Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused Beneficial Bank to deposit the proceeds of bank fraud they had committed in connection with the Wilson Building loans into an account under their control at Beneficial Bank.

5. Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS then caused loan proceeds in amounts exceeding $10,000 per transaction to be transferred from the account under their control at Beneficial Bank to a Dysart account at TD Bank.

6. Defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS then caused at least approximately $1.8 million of the proceeds of bank fraud, which had been intended by Beneficial Bank to be used for the renovation of the Wilson Building, to be used for their personal expenses.

7. On or about May 19, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,830,561 of bank fraud proceeds from the renovation loan to be deposited into an account under their control at Beneficial Bank.

8. On or about May 20, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,830,216 of bank fraud proceeds obtained renovation loan to be wire transferred to a Dysart account at TD Bank.

9. On or about July 16, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,746,237 of bank fraud proceeds obtained from the renovation loan to be deposited into an account under their control at Beneficial Bank.

10. On or about July 16, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $ 1,745,892 of the proceeds from the renovation loan bank fraud to be wire transferred to a Dysart account at TD Bank.

11. On or about November 2, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $800,000 of proceeds of bank fraud, to be transferred from the Dysart account at TD Bank to a TD Ameritrade Account in Philippopoulos' name, in order to purchase approximately $799,792.82 of stock in Company A.

12. On or about November 17, 2010, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS caused approximately $1,000,000 which had been transferred from the account under their control at Beneficial Bank to the Dysart account at TD Bank to be transferred to a TD Ameritrade Account in Philippopoulos' name, where it was used to purchase approximately $999,933.73 of stock in Company A.

13. On or about July 29, 2011, defendants ANGELICA PHILIPPOPOULOS and GEORGE TRIMIS, used approximately $90,000 of the proceeds of bank fraud in connection with loans for the purchase and renovation of the Wilson Building, to be transferred from an account under their control at Beneficial Bank, to the Dysart account at TD Bank and then to defendant PHILIPPOPOULOS' account at TD Ameritrade, where they were used by defendant Philippopoulos in connection with her purchase of a property in New York, New York.

All in violation of Title 18, United States Code, Section 1956(h).

## **NOTICE OF FORFEITURE #1**

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Sections 1344 and 2, bank fraud and aiding and abetting, set forth in this indictment, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $9,620,773.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## **NOTICE OF FORFEITURE #2**

THE GRAND JURY FURTHER CHARGES THAT:

 1. As a result of the violations of Title 18, United States Code, Sections 1956 and 2, set forth in this indictment, defendants

**ANGELICA PHILIPPOPOULOS and
GEORGE TRIMIS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds traceable to the commission of such offenses, as charged in this indictment, including, but not limited to, the sum of $1,890,000.

 2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided

without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*[signature]*
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY