IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 14-632 |
| **GEORGE TRIMIS** | : | |

**GOVERNMENT'S MOTION FOR ORDER REVOKING PRETRIAL
RELEASE ORDER AND FOR DETENTION HEARING**

On December 4, 2014, defendant George Trimis was charged by indictment in this district with one count of bank fraud in violation of 18 U.S.C. § 1344, three counts of false statements in loan applications in violation of 18 U.S.C. § 1014 and one count of conspiracy to money launder in violation of 18 U.S.C. § 1956(h).  The indictment charges that the defendant and his co-defendant Angelica Philippopoulos engaged in a fraud on Beneficial Bank from at least April 2008 through in or about July 2011, in which they submitted multiple false documents, including false tax returns, false brokerage and bank statements, false statements of education and qualifications, among other documents in order to obtain approximately $12 million in loans for the purchase and renovation of an office building in Camden, New Jersey. For example, the indictment charges that Trimis and Philippopoulos submitted documents claiming that Philippopolous had a net worth of more than $41 million when she was unemployed and had minimal assets, and submitted documents a brokerage statement which had been altered to state that she had a balance of more than $10 million in her brokerage account when the balance was only $77.01.  The indictment also charges that the defendants laundered the proceeds of the bank fraud by diverting loan proceeds released by the bank for the purpose of

renovation expenses and using them to assist in the purchase of an apartment in New York and approximately $1.8 million in stock in a shipping company.

The defendant was arrested on January 26, 2014 at JFK airport, prior to his scheduled departure for Paris, France.  As explained below, the defendant presents a high risk of flight, as he lives primarily in Greece, which does not extradite their citizens to the United States, and to China, where press reports indicate that he owns a shipping company.  He does not maintain a residence in the United States, is not in the United States on a regular basis, and has no family in this country.   Since his arrest on January 26, 2015, he has made misleading statements concerning his connection to an address in New York.

 The defendant has had multiple hearings in the Eastern District of New York.  On February 11, 2015, the magistrate judge assigned to this matter (EDNY-15-MJ-81) released the defendant over the government's objection.  The magistrate judge released the defendant on $500,000 bail signed by two sureties, neither of whom appears to have the annual income that would give them the ability to pay a significant amount in the event of default by the defendant.  The defendant was placed on electronic monitoring at the home of a friend who normally lives in Greece.  The magistrate judge refused the government's request for a stay of this ruling, but directed that the defendant appear in court in Brooklyn on February 12, 2015 at 11 a.m. so that he could return to custody in the event that the government was able to successfully appeal his release from custody.

The government submits that under these circumstances no condition or combination of conditions will reasonably assure the appearance of the defendant, who faces an advisory sentencing guideline range of 87 to 108 months.  The government therefore moves pursuant to 18 U.S.C. §§ 3145 and 3142(e) and (f) for an order revoking the order of release entered in the

Eastern District of New York and an order for a detention hearing and pretrial detention of the defendant.

### THE FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

    a)    **Probable Cause And The Evidence In This Case**

        i.    There is probable cause to believe that the defendant has violated 18 U.S.C. § 18 U.S.C. §§ 1344 (bank fraud), 1014 (false statements in loan applications) and 1956(h) (money laundering conspiracy) and 18 U.S.C. § 2 (aiding and abetting) as a grand jury has returned an indictment against him.

        ii.    The evidence in this case is strong and consists of witness testimony and documents, including altered brokerage and bank statements and false tax returns.

    b)    **Maximum Penalties/Sentencing Guidelines**

The total maximum penalty the defendant faces is 130 years imprisonment and a $4,250,000 fine. He faces an advisory sentencing guideline range of 87-108 months.

    c)    **Community Ties**

        i)    The defendant has no ties to this district. Although he is a United States citizen, he is also has Greek citizenship, and owns property in Greece in the name of an adult son. Greece does not extradite its citizens. He also has ties to China where, according to news articles, he owns a shipping company.

        ii)    Although he apparently has some friends and prior employees as contacts in New York, he is rarely in the United States. While two individuals have agreed to be sureties for the defendant's $500,000 bail, it is unlikely that these individuals have the financial resources

to be responsible for bail in that amount. One of these individuals, stated that he had an income of $60,000 a year and that he has known Trimis for four years, while the other claims that she is a former employee who stated that she earned $80,000 per year. Apparently the income of these individuals has not been verified. The magistrate judge ordered the defendant to be on house arrest and electronic monitoring at the home of an individual who normally lives in Greece. A check of a comprehensive data base available to law enforcement does not reveal records of any type for this individual in the United States—e.g. no driver's license, no public records pertaining to this individual.

    ii)  The defendant has provided misleading information to pretrial services. When asked for his address in New York he claimed to be "associated" with an address which was actually a rental office service where the defendant formerly had mail delivered when he needed to have an office address in the United States. He was only entitled to use office space at that location between 9 and 5 on weekdays. Staff at that address only saw him very rarely, and despite his claim of association, the defendant had ended his relationship with that company in October 2014, several months before he claimed to pretrial services that he was associated with that address.

    iii)  The defendant has numerous business and personal ties outside the United States. He has Greek citizenship, and Greece does not deport its citizens. He owns property in Greece in the name of an adult son. He has claimed to own a shipping company that operates in China. He travels frequently to other countries.

    d) **Criminal History**

    i.  The defendant does not have a criminal history.

## CONCLUSION

When all these factors are viewed in light of the possible prison sentence defendant faces if convicted, his lack of ties to the United States and his extensive ties to other countries where extradition may be difficult or impossible, his misleading claim to a connection to a New York address, and the uncertainty of the financial circumstances of his sureties, and the fact that he was placed on house arrest in the home of a person who is often not in the United States, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required.

WHEREFORE, the government respectfully submits that its Motion for an Order Revoking the Release Order entered in the Eastern District of New York and ordering the defendant detained pending a hearing in this district should be granted.

Respectfully submitted,
ZANE DAVID MEMEGER
United States Attorney

/s/ Judy G. Smith
JUDY G. SMITH
Assistant United States Attorney

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                :

                                                   :   CRIMINAL NO.  14-632

    v.

                                               :

GEORGE TRIMIS

### PRETRIAL DETENTION ORDER

AND NOW, this       day of  February, 2015, upon consideration of the Government's Motions Revocation of Pretrial Release Order and for Detention, it is  Pursuant to Title 18, United States Code, Section 3145, it is hereby Pursuant to Title 18, United States Code, Section 3145, it is hereby

### ORDERED

pursuant to Title 18, United States Code, Section 3145, that the pretrial release order issued in the Eastern District of New York, 15-MJ-81, is hereby revoked.  It is further ORDERED that the defendant be detained until a pretrial detention hearing, which will be held on           , 2015 before this Court for the reasons stated in the government's motion.

                                      BY THE COURT:

                                      _____

                                      HON. GENE E.K. PRATTER
                                      *Judge, United States District Court*

CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing motion was served by electronic mail on:

Government's Motion to Revoke for Pretrial Detention, and Proposed Order was

served by mail and fax on:

Anthony Pope, Esq.
60 Park Place, Suite 703
Newark, NJ 07102
FAX: (973) 344-3201

                                             /s/ Judy G. Smith
                                             Judy G. Smith

February 12, 2015