IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-632 |
| GEORGE TRIMIS | : | |
| ANGELICA PHILIPPOPOULOS | : | |

UNITED STATES' MOTION FOR A PROTECTIVE ORDER

The United States of America, by its attorneys, Zane David Memeger, United States Attorney, and Judy G. Smith, Assistant United States Attorney, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use investigative materials produced in discovery only for preparation for trial and at trial and any sentencing hearings, and further limiting the dissemination of discovery materials that contain sensitive personal identifying information. In support of this motion, the government states as follows:

1. The defendants have been charged in an indictment with bank fraud in violation of 18 U.S.C. § 1344, false statements in loan applications in violation of 18 U.S.C. § 1014, conspiracy to money launder in violation of 18 U.S.C. § 1956(h) and aiding and abetting in violation of 18 U.S.C. § 2.

2. There are several thousand pages of discovery materials in this case. Many of the discovery materials contain personal identifying information, such as tax records and addresses and bank account numbers of third parties, etc. The government is providing these documents to defense counsel, either in hard copy and/or a CD. The personal identifiers in the discovery

materials are the kind of information which is sensitive and subject to abuse and identify theft.

      3.      The large volume of discovery materials containing sensitive information makes complete redaction of this personal identifying information impractical.  Sensitive personal identifiers appear throughout these materials, and would be extremely time consuming to redact. Redaction would likely significantly delay production of discovery to the defendant. Also, given the nature of the materials, redaction could impair the ability of defense counsel to evaluate the potential significance, if any, of the redacted content.

      4.      In order to protect the privacy interests of people who are identified in the discovery materials but who have not been named in any indictment, and indeed are either victims or uninvolved third parties, and to prevent the potential misuse of others' personal and identifying information, the government respectfully requests that the Court enter a protective order that (a) limits the use of the discovery materials provided to the defense to the preparation for and use at trial and sentencing, and further prohibiting the defense from disclosing the discovery materials to third parties except as required to prepare for trial or for use at trial and sentencing, and (b) limits the dissemination of discovery materials containing personal identifying information such that those materials may only be reviewed subject to the restrictions in the proposed order.

      5.      Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Rule 16(d)(1).

      6.      The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery:

[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969). Cf. *United States v. McDade*, 1994 WL 161243, *3-*5 (E.D. Pa. April 15, 1994) (not published) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further disclosure); *United States v. Smith*, 602 F. Supp 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators; "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

7. For the many discovery materials that contain personal identifying information, additional protective measures are appropriate. Pursuant to Rule 16(d)(1), courts routinely tailor protective orders to address the specific concerns about discovery materials that exist in particular cases. Thus, for example, a court in the Southern District of New York granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and (c) prohibited defendants from possessing in any jail facility, any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells."). *United States v. Rivera*, 153 Fed. Appx. 758 (2d Cir. 2005) (not published) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention facility did not deprive defendant of effective assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material).

8. The cases cited above demonstrate that the Court is empowered to tailor a

protective order to address the specific concerns about discovery that exist in a particular case, and here that is to protect the former witnesses, victims and uninvolved third parties whose sensitive information and personal identifying information appear throughout the discovery materials, from the harm potentially resulting from the dissemination of this type of information.

Wherefore, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

    Respectfully submitted,
    ZANE DAVID MEMEGER
    United States Attorney

    s/Judy G. Smith
    JUDY G. SMITH
    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-632 |
| GEORGE TRIMIS<br>ANGELICA PHILIPPOPOULOS | : | |

ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of the government's motion for a protective order, it is ORDERED that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the discovery materials and concludes that, at this stage, no common law right of access has attached to the records. See id. at 208-11. On balance, the public's interest in the discovery materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. See Fed. R. Crim. P. 16(d)(1); id. at 212.

1

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the discovery materials only as is necessary to prepare for trial and for use at trial and sentencing.  Any counsel, defendant, or other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for or use at trial and sentencing, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial or sentencing.  Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made for the purpose of preparation for or use at trial or sentencing, and shall obtain from every such person at the time of disclosure the following written statement:

> "I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant Mark Matsinger in preparing for and/or using such materials at trial or sentencing.  I have read the Order of the Court dated _____ permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for or use at trial or sentencing, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party.  I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that concerning discovery materials in this case:

    a.    Defense counsel or experts or staff with whom they are working defendants shall make such materials and records available to their client only in the presence of the attorney or of an expert or investigator retained by the defense,

and under such circumstances as to ensure that no other person any other person can copy any portion of the discovery materials or retain any of the discovery materials or copies of the discovery materials.

    b.  Defense counsel shall not reproduce any portions of the specified discovery materials and shall not permit other people to copy the discovery materials, except that counsel may make any copies necessary for their work on the defense of this matter and may provide copies to their staff and to third parties, such as experts, as may be necessary for their work on the defense of this matter, provided that, if counsel do so, counsel shall provide such people with a copy of this protective order, shall advise such people that the discovery materials are not to be further copied or disseminated, and shall have such people return to them all copies of the discovery materials as soon as reasonably practical.

        BY THE COURT:

        _____
        HONORABLE GENE E.K. PRATTER
        *Judge, United States District Court*

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing to be served via electronic mail upon

Daniella Gordon, Esq. (dgordon@daniellagordonlaw.com)
Anthony Pope, Esq.   (apope@apopefirm.com)
Robert Y. Altchiler    (altchlaw@aol.com)


Date: April 6, 2015

                                         s/ Judy G. Smith
                                         JUDY G. SMITH
                                         Assistant United States Attorney